UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| STEFFANY MILTON, | |
| Plaintiff, | Case No. |
| v. | |
| DENTAL SUPPORT SERVICES OF COASTAL GEORGIA, LLC | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Steffany Milton ("Plaintiff") by and through her attorney brings this action against Defendant DENTAL SUPPORT SERVICES OF COASTAL GEORGIA, LLC ("Employer") for failing to pay Plaintiff, a non-exempt employee, all of her overtime pay as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Plaintiff states the following as her claims against Defendant:

## JURISDICTION AND VENUE

1. This action arises under the FLSA, 29 U.S.C. § 201, et seq. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

2. Venue is proper in the United States District Court, Southern District of Georgia, pursuant to 28 U.S.C. § 1391, because Defendant resides in this District and a majority of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

3. Plaintiff is an adult resident of Chatham County, Georgia.

4. Plaintiff was an assistant to the Dentist, Nicholas Theodotou, who is also the owner/agent of Dental Support Services of Coastal Georgia LLC.

5. Plaintiff was an employee of Defendant, employed from approximately April 19, 2021 to December 26, 2021, as defined by the FLSA, 29 U.S.C. § 203(e)(1) and (g).

6. At the time of the violation, Defendant was a Georgia corporation with the principal place of business located in Chatham County at 506 US Hwy 80 W, Suite C, Pooler, GA 31322.

7. DEFENDANT is an employer within the meaning of 29 U.S.C. § 203(d).

8. DEFENDANT provides dental services.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

9. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

10. As an employee of Dental Support Services of Coastal Georgia, LLC performing the duties of a dental assistant, Plaintiff was employed approximately 9 months within the last three years.

11. Plaintiff provided assistance with dental services for patients.

12. Defendant compensated Plaintiff for her work on an hourly basis.

13. Defendant permitted Plaintiff to work more than forty (40) hours per workweek.

14. Defendant had a policy of not paying Plaintiff at a rate of one and one-half (1.5) times her regular rate of pay for the overtime hours she worked as required by the FLSA.

15. Defendant willfully operated to deprive Plaintiff of proper overtime compensation by paying her less than what is required under federal law.

16. Defendant was or should have been aware that Plaintiff performed work that required proper payment of overtime compensation.

17. Plaintiff was discouraged from questioning the policy of not paying for overtime as required under federal law or to complain about any policy in general as evidenced by the provider's critical treatment of his employees.

18. Defendant knew that Plaintiff worked overtime hours without receiving proper overtime pay because the Dentist is the owner of the Dental Support Services; he was present when she worked overtime and the one requiring she continue working beyond the 40 hours; and he required Plaintiff to record her hours into a software application where she reported she worked over 40 hours.

19. Defendant was aware, or should have been aware, of the unlawful payment practices and recklessly chose to disregard the consequences of those actions.

20. Plaintiff is a victim of Defendant's repeated, systematic, and consistent illegal policies that have resulted in willful violations of her rights under the FLSA, 29 U.S.C. § 201, et seq., and have caused damage to Plaintiff.

21. Defendant's actions were not in good faith and no reasonable grounds exist to justify a belief that the Defendant was complying with the FLSA.

## COUNT I
## Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

22. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

23. Defendant individually and/or collectively are an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and together or separately engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

24. The FLSA requires covered employers like Defendant to pay non-exempt employees like Plaintiff no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

25. Plaintiff worked more than forty (40) hours per week for Defendant, but Defendant did not properly compensate her for all of her overtime hours as required by the FLSA.

26. Defendant has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff.

27. Defendant knew or should have known Plaintiff worked overtime without proper compensation and willfully failed and refused to pay Plaintiff wages at the required overtime rates. 29 U.S.C. § 255.

28. Defendant's willful failure and refusal to pay Plaintiff overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

29. As a direct and proximate result of these unlawful practices, Plaintiff suffered wage loss and is therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of her claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a jury trial and relief as follows:

a. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rates;

b. A finding that Defendant's violations of the FLSA are willful;

c. An amount equal to Plaintiff's damages as liquidated damages;

d. All costs and attorneys' fees incurred prosecuting this claim;

e. An award of any pre- and post-judgment interest; and

f. All further relief as the Court deems just and equitable.

Submitted this 9th day of May, 2023.

**BALBO & GREGG, ATTYS AT LAW**
s/Elizabeth C. Beasley_____
Elizabeth C. Beasley
Georgia Bar No. 567510
Attorney for Plaintiff

11258 Ford Ave, Suite 11
Richmond Hill, GA 31324
912-459-1776 phone 1777 fax
betsey@balbogregg.com