IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| STEFFANY MILTON,<br><br>    Plaintiff,<br><br>v.<br><br>DENTAL SUPPORT SERVICES OF COASTAL GEORGIA, LLC,<br><br>    Defendant. | Civil Action No. 4:23-cv-00128-RSB-CLR |

## JOINT MOTION TO APPROVE SETTLEMENT

COME NOW, Plaintiff Steffany Milton ("Plaintiff") and Defendant Dental Support Services of Coastal Georgia, LLC. ("Defendant") (collectively, the "Parties"), by and through their respective undersigned counsel, hereby jointly move that (a) this Court approve the Parties' settlement of Plaintiff's claim for alleged unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), which is memorialized in the Parties' Settlement Agreement and Release of Claims ("Settlement Agreement," attached as Exhibit A) and (b) after approving the Parties' settlement, this Court dismiss this lawsuit *with prejudice*. Because Plaintiff's wage-based claim arises under the FLSA, the Parties' settlement requires approval by this Court.

In support of this Joint Motion to Approve Settlement and incorporated Memorandum of Law ("Joint Motion"), the Parties state as follows:

1. On May 9, 2023, Plaintiff filed her Complaint in this Court asserting a claim based on Defendant's alleged violations of the FLSA, and seeking the recovery of unpaid overtime wages, liquidated damages, costs, and attorneys' fees. (Dkt. No. 1).

2. Defendant denies that it violated the FLSA with respect to Plaintiff and denies that Plaintiff is entitled to the relief she seeks in her Complaint. However, since the filing of the Complaint, and in an effort to avoid the cost and expense of motion practice and litigation, the Parties have engaged in settlement discussions. The Parties have evaluated the allegations made by Plaintiff and the defenses to be asserted by Defendant. In agreeing upon the resolution memorialized in their Settlement Agreement, both sides evaluated – and took into account – the cost of protracted litigation (in terms of time, money, and other resources) and the risk of winning or losing. The Parties believe there has been sufficient investigation and exchange of information to allow counsel for both sides to evaluate the Parties' claims and defenses and make recommendations to reach a fair and reasonable resolution of this matter.

3. The Parties jointly agree that the terms of their settlement are appropriate in light of all the facts and legal standards applicable and seek the Court's approval of the settlement and stipulate to the dismissal of this action with prejudice. Pursuant to the FLSA, claims for back wages and other damages arising

under the FLSA may be settled or compromised with the approval of the district court. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982). A district court should approve a settlement if it was reached as a result of contested litigation, and it is a fair and reasonable resolution of a *bona fide* dispute between the parties. *Id.*

4. In this case, this dispute is *bona fide*. Plaintiff claims she is entitled to unpaid overtime wages. Defendant has at all times denied – and continues to deny – it violated the FLSA with respect to Plaintiff's employment with Defendant or otherwise. Specifically, Defendant contends that Plaintiff was properly paid for all hours worked during the course of her employment with Defendant. In addition, even if Plaintiff could establish that she was entitled to overtime compensation for hours worked during some or all of the time periods at issue (which Defendant denies Plaintiff can do), the Parties would also disagree regarding the number of hours at issue and the correct method for calculating the amount of the allegedly unpaid compensation. As such, a *bona fide* dispute exists between the Parties with respect to Plaintiff's claims for allegedly unpaid overtime compensation – (a) with respect to whether liability exists at all; (b) the number of hours Plaintiff worked; and (c) the proper calculation of Plaintiff's purported damages (assuming *arguendo* that Plaintiff could prove liability for any damages).

5. The proposed settlement is also fair and reasonable. At all times during the litigation, Plaintiff and Defendant have been represented by counsel experienced in the litigation of wage and hour claims, and the settlement amount and the final Settlement Agreement were the subject of arms-length negotiations. The Parties agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed FLSA claims. Additionally, Plaintiff expressly stipulates and agrees that the settlement amount represents the full and fair value of the claims asserted in this matter. Specifically, Plaintiff stipulates and agrees that the payment described in Paragraph 2(a) of the Settlement Agreement represents the full and fair value of approximately sixty-five (65) overtime hours for which she was allegedly paid her straight time rate of $18.50 per hour, as well as an equal amount for alleged liquidated damages. As such, the terms of the Settlement Agreement are inherently fair, just, and reasonable.

6. The Parties, therefore, respectfully submit that the Settlement Agreement they have entered into is consistent with the intent and purpose of the FLSA, and the legal requirements of *Lynn's Food Stores, Inc.*, as well as all of the relevant criteria support approval of the ultimate settlement in this matter.

7. Moreover, there has been no collusion, fraud, or any other inappropriate conduct in this case. Courts have found that an absence of fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff

seemed fair. *See Helms v. Cent. Fla. Reg'l Hosp..*, Case No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, at * 4 (M.D. Fla. Dec. 26, 2006) (applying *Lynn's Food Stores, Inc.*). Here, each Party was independently represented by counsel with experience litigating wage and hour claims, and each counsel vigorously represented their client's rights. Further, the amounts to be paid to Plaintiff under the Settlement Agreement represent full and fair resolution of Plaintiff's claims.

8. Lastly, the probability of success on the merits and length of future litigation also militates in favor of this settlement. If the Parties continued to pursue this matter, they would be forced to engage in costly document production and deposition discovery, to prepare and/or defend against one or more motions for summary judgment, and possibly, prepare for and conduct any potential hearings. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and costs.

9. The Settlement Agreement also contains a component for attorney's fees. This amount did not compromise Plaintiff's recovery of her alleged unpaid overtime wages. To the extent the Court wishes to determine the reasonableness of attorney's fees, the parties maintain that the attorney's fee was agreed upon separately and without regard to the amount paid to Plaintiff.

10. Plaintiff's counsel has incurred over $900.00 in attorney's fees in this matter, taking it from preliminary fact investigation and Complaint drafting to the

informal exchange of Plaintiff's time and payroll information, through damages calculations, negotiations, and settlement finalization. Ultimately, Plaintiff's counsel has reduced her fees to $300 (a reduction of over 66%).

11. Based on the foregoing, the Parties jointly believe the settlement terms are fair, reasonable, and adequate. Accordingly, the Parties respectfully request that the Court grant this Joint Motion and enter an order dismissing Plaintiff's action *with prejudice*. A proposed order is attached as Exhibit B.

WHEREFORE, the Parties respectfully request the Court grant this Joint Motion and enter the Proposed Order: (1) approving the Parties' settlement; and (2) dismissing this action with prejudice.

Respectfully submitted, this 22nd day of February, 2024.

Stipulated and agreed:

*/s/ Elizabeth C. Beasley (w/ consent)*
Elizabeth C. Beasley
Georgia Bar No. 567510
betsey@carlisle-law-firm.com

CARLISLE LAW FIRM
3500 Ft. McAllister
Richmond Hill, GA 31324
Telephone: (912) 321-1144

*Attorney for Plaintiff*
*Steffany Milton*

*/s/ Bradley E. Strawn*
Bradley E. Strawn
Georgia Bar No. 004419
bstrawn@littler.com

LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E,
Suite 1200
Atlanta, Georgia 30326
Telephone: (404) 233-0330
Facsimile: (404) 233-2361

*Attorney for Defendant*
*Dental Support Services of Coastal Georgia, LLC*

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| STEFFANY MILTON,<br><br>      Plaintiff,<br><br>v.<br><br>DENTAL SUPPORT SERVICES OF COASTAL GEORGIA, LLC,<br><br>      Defendant. | Civil Action No. 4:23-cv-00128-RSB-CLR |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2024, I electronically filed the foregoing **Joint Motion to Approve Settlement** with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following:

Elizabeth C. Beasley
CARLISLE LAW FIRM
3500 Ft. McAllister
Richmond Hill, GA 31324
betsey@carlisle-law-firm.com


                                               */s/ Bradley E. Strawn*
                                               Bradley E. Strawn
                                               Attorney for Defendant