IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| STEFFANY MILTON, | |
| Plaintiff, | CIVIL ACTION NO.: 4:23-cv-128 |
| v. | |
| DENTAL SUPPORT SERVICES OF COASTAL GEORGIA, LLC, | |
| Defendant. | |

**O R D E R**

This matter comes before the Court on the parties' second Joint Motion to Approve Settlement. (Doc. 13.) Plaintiff, who claims that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay her appropriate overtime compensation, (see generally doc. 1), previously filed a Joint Motion with Defendant, seeking Court approval of the terms of a settlement agreement she had reached with Defendant as to her claim, (doc. 10). After careful review of the Joint Motion and the proposed Settlement Agreement, the Court determined that there was a bona fide dispute among the parties, but it could not conclude, based on the information before it, that the settlement amount to be paid to Plaintiff was fair and reasonable or that the amount of attorney's fees to be paid to Plaintiff's counsel was fair and reasonable. (Doc. 12.) The Court also took issue with four provisions of the proposed Settlement Agreement. (See id. at pp. 6–11.) Accordingly, the Court denied the parties' Motion without prejudice and provided them with time to present the Court with more information and a revised version of the proposed Settlement Agreement. (Id. at p. 13.)

In the prior Order, the Court explained that it must to assess whether the amount to be paid to Plaintiff under the proposed Settlement Agreement is fair and reasonable, and that, to do that, it must know not only the amount of money to be paid to Plaintiff, but also where that amount falls in the range of Plaintiff's possible recovery. (Doc. 12, p. 5 (citing Leverso v. SouthTrust Bank of Ala., Nat'l Assoc, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994) (court must be able to consider "the range of [the plaintiff's] possible recovery").) The Court also noted that, while the proposed Settlement Agreement stated that the settlement amount includes liquidated damages, the parties did not make clear how much of the settlement amount is attributable to liquidated damages, which the Court must know to appropriately assess the fairness and reasonableness of the settlement amount.

In their second Motion, the parties have timely provided the Court more detail about the settlement amount. (Doc. 13, p. 4.) The parties explain that:

> Plaintiff expressly stipulates and agrees that the settlement amount represents the full and fair value of the claims asserted in this matter. Specifically, Plaintiff stipulates and agrees that the payment described in Paragraph 2(a) of the Settlement Agreement represents the full and fair value of approximately sixty-five (65) overtime hours for which she was allegedly paid her straight time rate of $18.50 per hour, as well as an equal amount for alleged liquidated damages.

(Doc. 13, p. 4; see also doc. 13-1, p. 2 (provision in revised proposed Settlement Agreement stating that Plaintiff would be paid $600 "representing payment for any and all alleged unpaid overtime and other wages," and an additional $600 "representing payment for any and all alleged liquidated damages").) Based on this description, Plaintiff claims entitlement to (and thus should be paid) damages for 65 hours of overtime work for which she was only paid $18.50 per hour, when in fact she should have been paid an additional $9.25 per hour. Under this description, Plaintiff is entitled to recover $601.25, which is almost the exact amount of actual damages she is receiving under the parties' settlement agreement. Additionally, the parties have now clarified that Plaintiff is

2

receiving an additional $600 as liquidated damages.  As the parties have shown that Plaintiff is recovering almost exactly the full amount to which she claims, in her Complaint, to be entitled, plus an equal amount in liquidated damages, the Court finds that the settlement amount is fair and reasonable.

In the prior Order, the Court was also unable to determine, as it must, whether the attorney's fee amount to be paid by Defendant ($300) was reasonable, as the parties had neglected to provide any information about how the attorney's fee amount had been negotiated or calculated.  (Doc. 12, pp. 11–12.)  In their second Motion, however, the parties have advised that "the attorney's fee was agreed upon separately and without regard to the amount paid to Plaintiff," and, as a result, the attorney's fee "did not compromise Plaintiff's recovery of her alleged unpaid overtime wages."  (Doc. 13, p. 5.)  Where, as here, the parties represent "that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless . . . there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney," the Court should approve the fee settlement agreement.  <u>Bonetti v. Embarq Mgmt. Co.</u>, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).  In their second Motion, the parties have also advised that Plaintiff's counsel has incurred over $900 in attorney's fees, "taking it from preliminary fact investigation and Complaint drafting to the informal exchange of Plaintiff's time and payroll information, through damages calculations, negotiations, and settlement finalization."  (Doc. 13, pp. 5–6.)  The Court acknowledges that Plaintiff's counsel has drastically reduced her fees by over 66% (from $900 to $300).  Accordingly, there is no reason to believe that Plaintiff's recovery was diminished by the amount of fees to be paid to her attorney, and the Court finds the attorney's fee to be reasonable.

The Court's prior Order also listed several provisions in the proposed Settlement Agreement that the Court considered improper for an FLSA case. (See doc. 12, pp. 6–11.) The parties have provided a revised proposed Settlement Agreement, which the Court has reviewed and found to no longer contain the language and types of provisions that the Court found concerning in its prior Order. (See generally doc. 13-1, ¶¶ 3, 8, 11 & 12.)

Finally, having reviewed all the documents the parties filed, the Court sees no evidence of collusion behind the settlement and acknowledges that counsel for both parties have opined that the settlement is fair and reasonable. Considering these factors and particularly considering that Plaintiff is essentially recovering the full amount she would ultimately seek at any trial, the Court finds that the settlement is fair and reasonable.

As the Court has already found the existence of a bona fide dispute and has now found that the settlement is fair and reasonable, the Court **GRANTS** the parties' second Joint Motion to Approve Settlement, (doc. 13), and **APPROVES** their settlement as stated in the revised Settlement Agreement, (docs. 13-1). The parties have indicated their desire to have the case dismissed with prejudice. (Doc. 11.) The case is therefore **DISMISSED WITH PREJUDICE**. The Court **DIRECTS** the Clerk of Court to **TERMINATE** all pending motions, (doc. 11), and **CLOSE** this case.

**SO ORDERED**, this 27th day of February, 2024.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA